**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA RAY TYNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF LANCASTER, PRIMECARE | : | |
| MEDICAL INC., CHERYL STEMBERGER | : | |
| and LORI HEHNLY | : | NO. 18-3306 |

**MEMORANDUM**

**Savage, J.**                                                             **June 6, 2019**

*Pro se* plaintiff Joshua Ray Tyner, a prisoner in state custody at SCI Phoenix, has filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 against Lancaster County, PrimeCare Medical, Inc., Cheryl Stemberger, and Lori Hehnly. Tyner also seeks leave to proceed *in forma pauperis*. For the following reasons, we shall grant leave to proceed *in forma pauperis* and dismiss the Complaint in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**FACTS**

Tyner alleges that he suffered a knee injury on February 27, 2018, while playing basketball at the Lancaster County Prison ("LCP"). He reported his injury to prison officials and received a mobile x-ray in the prison. He was given ibuprofen for his pain. The following day, he was taken by wheelchair to see defendant Lori Hehnly, a nurse practitioner at LCP. She examined the results of the x-ray and determined there were no fractures or broken bones. She prescribed ibuprofen and ice as needed. On March 1, 2018, Tyner was transported to Orthopedic Specialists of Central Pennsylvania where an MRI study was performed. After being transported back to LCP, Hehnly increased his dosage of ibuprofen. On March 5, 2018, Tyner was again seen at Orthopedic Specialists

of Central Pennsylvania by a specialist who diagnosed a torn ACL, MCL, LCL, and a flipped meniscus. The specialist recommended surgery as soon as possible to prevent bone damage. He prescribed another pain medication, meloxicam. Tyner alleges that he informed Hehnly the next day that the specialist recommended immediate surgery. On March 15, 2018, Tyner was transferred from LCP to SCI Camp Hill where he told the physician's assistant that he was awaiting surgery on his knee. The surgery was performed on April 3, 2018.

Tyner alleges that he suffered extreme pain following his injury. He claims the ibuprofen was ineffective in helping his pain and he was unable to sleep. He contends he suffered nerve damage because his leg twitched. He complains he should have been housed in the prison medical unit. Finally, he believes that he should have received surgery to repair his knee sooner than it was performed. He alleges that he was permitted to review his medical records and learned that LCP did not schedule the surgery nor did Hehnly mention that surgery was suggested, "indicating an attempt to suppress the issue" until he was transferred from county to state custody. He seeks money damages for his injury.

**STANDARD OF REVIEW**

Because it appears that he is not capable of paying the fees to commence this civil action, Tyner will be granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint

must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Tyner is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A prisoner's § 1983 claim based on a failure to provide medical treatment must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam)

3

("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need.").

Tyner's allegations that his surgery was purposely delayed by Hehnly until he was transferred from county to state custody states a plausible deliberate indifference claim against her. Hehnly is not the only one named as a defendant. Tyner has also sued Lancaster County, PrimeCare Medical, Inc., and Warden Stemberger. Other than in the list of defendants, Tyner makes no allegations concerning any of these other defendants and how they acted to violate his civil rights.

A municipality, such as Lancaster County, may be liable under § 1983 only when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691-95 (1978). Liability will be imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the "moving force" behind the constitutional tort of one its employees. *Polk Cty. v. Dodson*, 454 U.S. 312 (1981). Liability cannot be predicated on a theory of respondeat superior or vicarious liability. *Monell*, 436 U.S. at 693-94. A private corporation that has been contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory. It can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A plaintiff can establish causation by "demonstrating the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 407 (1997).

Because Tyner failed to allege that the other defendants were aware of the delay of his surgery, had a policy or custom of delaying surgery until a prisoner was transferred to another facility, and the delay was caused by that policy or custom, his Complaint fails to state a plausible claim against Lancaster County, PrimeCare, or Warden Stemberger. Accordingly, these defendants will be dismissed without prejudice.

/s/ TIMOTHY J. SAVAGE J.